1  LAW OFFICE OF RODNEY M. KLEMAN
   RODNEY M. KLEMAN #55808
2  SHIAN MACLEAN #133765
   TREVOR R. MIRKES #224261
3  400 Camino El Estero
   Monterey, CA  93940
4  (831)649-0200

5  Attorney for Debtor(s)

6

7                UNITED STATES BANKRUPTCY COURT

8                NORTHERN DISTRICT OF CALIFORNIA

9

10  In re:   RESTO-PEREZ, Hector            Chapter 13
                                            Case No. 06-5-2224 MMor
11          RESTO, Sandra

12                                          **MEMORANDUM OF POINTS AND AUTHORITIES**

13              Debtor(s)
                                            Date:  November 17, 2006
14                                          Time:  10:00 A.M.
                                            Judge: Honorable Marilyn Morgan
15                                          Place: United States Bankruptcy Court, The
                                                   Quadrangle, 1000 South Main, Court
16                                                 Room 214, Salinas, California

17  _____

18

19
        Section 362(c) provides that in cases where a prior Chapter 13 was pending within the past
20
   one year, the automatic stay shall terminate after 30 days with respect to any action taken with
21
   respect to a debt or property securing such debt unless the Court, upon motion of a party in interest
22
   and after notice and a hearing, orders the stay to be extended.
23

24
   //
25
   //
26
   //
27
   //
28
   //

1  Section 362(3) further provides that there shall be a presumption that a case is filed not in good faith if the following facts apply: there was more than one previous case pending within the prior one year; a prior case was dismissed after the Debtor failed to file or amend the petition or other documents as required and without substantial excuse; a prior case was dismissed after the debtor failed to provide adequate protection as ordered by the court; a prior case was dismissed after the debtor failed to perform the terms of a plan confirmed by the court; there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the prior case, or any other reason to conclude that the present case will not be completed successfully; or there was a relief from stay action pending at the time of the dismissal of the prior case.

In the present case, the presumption that it was filed not in good faith should not apply, since the debtors had only one prior case dismissed within the past one year, they did not fail to file amendments or provide adequate protection or deliberately fail to perform the terms of a confirmed plan. Further, debtors had a substantial change in their financial and personal affairs since the dismissal of their prior case, and there was no relief from stay action pending at the time of the dismissal of their prior case.

//

//

//

//

//

//

Debtors' prior case was filed on August 29, 2003, confirmed on November 19, 2003, and ultimately dismissed on August 22, 2006. The debtors' prior case was dismissed because of several unexpected expenses, all of which reduced their disposable income to a point where they could no longer afford to take care of fundamental living expenses and their chapter 13 payment. These expenses include unexpected medical expenses and related unpaid time off. All of these expenses eroded their disposable income to a point where they could not longer afford to make timely chapter 13 plan payments. Because they could not afford to make timely Trustee payments, their case was ultimately dismissed. Thus, the reason the previous case was dismissed was due to circumstances beyond the control of the debtors and was not due to their failure to cooperate with the Trustee or abide by orders of this Court.

Because of Debtors' expenses and the related reduction in disposable income and the dismissal of their prior Chapter 13 case, their expenses overwhelmed them and they then filed the present Chapter 13 case to protect their vehicle which they need for all of their transportation needs.

There is a change in circumstances in the present case in that the unexpected medical expenses and issues, along with the related unpaid time off that served to frustrate debtors' completion of their prior case is no longer present as the debtors are now in good health. Further, Mr. Resto-Perez's income is very stable and he expects a raise as his tenure continue to increase. Thus, the debtors now have sufficient and stable disposable income. This income will provide the disposable income with which to make her required Chapter 13 payments.

**FACTORS IN DETERMINING GOOD FAITH AS REQUIRED BY 11 U.S.C. SECTION 1325(a)(3) and In re Baldassaro and In re Warren**

The factors enumerated in In re Baldassaro, 338 B.R. 178 (Bankr.D.N.H. 2006) and In re Warren, 89 B.R. 87 (9th Circuit, 1988) are the following:

**1.)** The timing and filing of the later petition: The Debtor waited only seventy (70) days from the dismissal of their prior case before filing the instant petition. This indicates the Debtors want to begin making payments again and to provide for creditors within the framework of Chapter 13.

//

//

**2.)** How the debts in the later case arose: The debts in the 2006 case are almost identical to the debts noted in the schedules pertaining to the 2005 case which arose during the ordinary course of living as well as bills pertaining to debtors' recent medical treatment that undermined completion of their prior case.

**3.)** Why the Debtor's prior case was dismissed, including the Debtor's conduct in that case: As noted, the debtor's prior case was dismissed because of unexpected medical expenses, all of which reduced their disposable income to a point where they could no longer afford to take care of fundamental living expenses and their chapter 13 payment. These expenses include unexpected medical expenses and related unpaid time off. These expenses eroded their disposable income to a point where they could not longer afford to make timely chapter 13 plan payments. Thus, the reason the previous case was dismissed was due to circumstances beyond the control of the debtors and was not due to their failure to cooperate with the Trustee or abide by orders of this Court.

**4.)** How the Debtor's actions affected creditors who are stayed: The creditors will be affected by extension of the automatic stay in that they cannot repossess debtors' vehicle or other personal items without court order and related expense. It is believed that no creditor has incurred repossession expenses at this point.

**5.)** The Debtor's motive in filing the later petition and whether the Bankruptcy Code is being unfairly manipulated: Debtors are sincere in wanting to make their Chapter 13 plan succeed and filed the instant petition in order to protect their vehicle which they need for transportation and not to unfairly manipulate the Bankruptcy Code.

**6.)** Whether the Debtor's circumstances have changed since the prior dismissal and the likelihood that the Debtor will be able to properly fund a plan: As noted above, Debtors will no longer have the medical expenses and related unpaid time off that once served to frustrate debtors' completion of their prior Chapter 13 case as debtors are now in good health.

**7.)** Whether the Trustee or creditors object to the Motion to Extend the Automatic Stay: No objections are anticipated as there is no unusual burden on any party.

//

//

8.) The amount of the proposed payments and the amount of the debtor's surplus. Debtors are paying all of their disposable income to the proposed plan.

9.) The debtor's employment history, ability to earn and likelihood of future increases in income: As noted, Mr. Resto-Perez has very stable employment (2 years) and expects a raise as his tenure increases.

10.) The expected duration of the plan: the proposed plan is 60 months.

11.) The accuracy of the statement of debts, expenses and percentage of repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court. The statement of debts, expenses and percentage to be paid to unsecured are believed to be accurate. The proposed plan provides 0% to unsecured creditors.

12.) The extent of preferential treatment between classes of creditors: None

13.) The extent to which secured claims are modified: Debtors did **NOT** compromise the value of their one secured claim (vehicle).

14.) The type of debt proposed to be discharged and whether any such debt is non-dischargeable in Chapter 7. Not applicable.

15.) The motivation and sincerity of the debtor in seeking Chapter 13 relief: Debtors are sincere in wanting to make their Chapter 13 plan succeed and filed the instant petition in good faith.

16.) The burden which the plan's administration will place upon the Trustee: No unusual burden is expected.

Debtors respectfully request the Court to consider all of the circumstances involved in the dismissal of the debtors' prior case and the filing of the present case, and to find that this case is filed in good faith.

Respectfully submitted,

Date: November 2, 2006           /s/ Trevor R. Mirkes
                                 TREVOR R. MIRKES
                                 Attorney For Debtor